HARWOOD, Justice
(dissenting).
I respectfully dissent. The ordinance at issue states that it was based upon the City of Gulf Shores’s efforts to protect the public welfare, which is a broad and inclusive concept, as was pointed out by the Court of Criminal Appeals and by the main opinion, quoting Members of City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 805, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984). However, upon consideration of the statements made at the city council meeting purporting to justify the passage of the ordinance, I conclude that the City failed to carry its burden of proof. As the main opinion notes, in Edenfield v. Fane, 507 U.S. 761, 113 S.Ct. 1792, 123 L.Ed.2d 543 (1993), the Supreme Court stated:
“It is well established that ‘[t]he party seeking to uphold a restriction on commercial speech carries the burden of justifying it.’ Bolger v. Youngs Drug Products Corp., 463 U.S. 60, 71, n. 20, 103 S.Ct. 2875, 77 L.Ed.2d 469 (1983); [Board of Trustees of State University of New York v.] Fox, 492 U.S. [469], at 480, 109 S.Ct. 3028, 106 L.Ed.2d 388 [ (1989) ]. This burden is 'not satisfied by mere speculation or conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction unit in fact alleviate them to a material degree. See,.e.g., Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U.S. 626, 648-649, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985); Bolger, supra, at 73, 103 S.Ct. 2875; In re R.M.J., 455 U.S. [191], at 205-206, 102 S.Ct. 929, 71 L.Ed.2d 64 [(1982)]; Central Hudson Gas & Electric Corp. [v. Public Serv. Comm’n, 447 U.S. 557, 569, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980)]; Friedman v. Rogers, 440 U.S. [1], at 13-15, 99 S.Ct. 887, 59 L.Ed.2d 100 [(1979)]; Linmark Associates, Inc. v. Willing-boro, 431 U.S. 85, 95, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977). Without this requirement, a State could with ease restrict commercial speech in the service of other objectives that could not themselves justify a burden on commercial expression.”
507 U.S. at 770-71,113 S.Ct. 1792 (emphasis added).
A review of the transcript of the council meeting at which the ordinance was passed, set out in pertinent part in the main opinion, reflects that the mayor stated he was concerned that issuing a license to Walter could lead to, or could create, a “carnival-type atmosphere.” Moreover, Councilman Duke spoke of his being able to foresee that “at some point in the future that many more applications of this type could be filed with the City.” Thus, the reasons stated for passing the ordinance were based in large part on “mere speculation [and] conjecture,” and do not satisfy the City’s burden of justifying a restriction on commercial speech. , Edenfield, supra. Further, the main opinion’s statement that “the aesthetic value of preserving the natural beauty of [the] coastline for a city heavily dependent on tourism cannot be overstated,” while arguably true, was not advanced by the City as a justification for adopting the ordinance.
In addition, the only complaints against Walter’s operation by the City at the council meeting were in regard to the content of some of the ads that Walter had displayed. The mayor said telephone calls had been received at City Hall regarding the content of some of Walter’s ads and Councilman Miceli stated that he personally found Walter’s advertisement for “sexy *197 lingerie and an adult novelty shop” offensive. The limited concerns expressed in that particular regard, if they justified regulation, “could be served as well by a more limited restriction on commercial speech, [and] the excessive restrictions cannot survive.” Central Hudson Gas & Elec. Corp. v. Public Serv. Comm’n, 447 U.S. 557, 564, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).
I would reverse the judgment of the Court of Criminal Appeals insofar as it holds that Walter’s constitutional rights were not violated by the City’s absolute and total ban, effected by the ordinance in question, on all commercial advertising devices on the navigable waters located within its corporate limits or police jurisdiction, without regard to the distance of those devices from the city limits and/or swimming activities, without regard to any safety concerns, and without regard to the content of the advertising.
SEE, JOHNSTONE, and WOODALL, JJ., concur.